IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**DEBORAH HUTH FLOYD,**

    **Plaintiff,**

    v.                                           **CIVIL ACTION NO. 4:13cv122**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on *pro se* Plaintiff Deborah Huth Floyd's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation (ECF No. 21) is **ADOPTED**, Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**, and the decision of Defendant, the Commissioner of the Social Security Administration, to deny Social Security Act disability insurance benefits is **AFFIRMED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

In 2011, Deborah Huth Floyd ("Plaintiff") filed an application for disability insurance benefits ("DIB"). Certified Administrative Record 130-33 (hereafter abbreviated as "R."). In her application, Plaintiff alleges she had been disabled as a result of rheumatoid arthritis, chronic lower back pain and high blood pressure. R. 162. The Commissioner of the Social Security Administration ("Commissioner" or "Defendant") initially denied Plaintiff's DIB application on

May 19, 2011, and upon reconsideration, denied her application again on December 9, 2011. R. 83-95. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on January 24, 2013. R. 34-61. On February 4, 2013, the ALJ issued a decision denying Plaintiff's claim for DIB, finding that while Plaintiff had severe impairments, she did not have a Social Security Administration ("SSA") listed impairment, she maintained the residual functional capacity ("RFC") to perform less than the full range of light work, and she was capable of performing her past relevant work as a childcare provider and territory manager. On July 11, 2013, the Appeals Council denied a request to review the ALJ's decision. R. 1-6.

On September 23, 2013, Plaintiff filed a complaint seeking this Court's review of the denial of DIB by the Commissioner. ECF No. 3. The parties filed cross-motions for summary judgment. On May 15, 2014, United States Magistrate Judge Lawrence Leonard ("Magistrate Judge") filed his Report and Recommendation ("R&R"), in which he recommends that the decision of the Commissioner be affirmed.[1] Plaintiff has filed objections to the R&R, which Defendant opposes. *See* ECR No. 22. This matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination...by a district judge...."). Under *de novo* review, the Magistrate Judge's R&R

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . ."

2

carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the Magistrate Judge with instructions. *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions."). When conducting this *de novo* determination, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Plaintiff has asserted six objections to the R&R, which this Court construes as two distinct challenges to the Magistrate Judge's conclusions.[2] Specifically, Plaintiff challenges two

---

[2] A *pro se* petitioner is entitled to have her asserted issues construed liberally because a *pro se* party is held to less stringent standards than an attorney drafting such complaints. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

3

findings of the R&R: 1) the ALJ's disability determination and benefits denial was proper; and 2) the ALJ appropriately considered the medical opinions in the record.

First, Plaintiff objects to the ALJ's determination that she was neither disabled nor entitled to disability benefits. Plaintiff asserts that the ALJ found that she suffered from severe impairments yet ignored objective testing which revealed her rheumatoid arthritis as well as her subjective explanation of extreme and worsening joint and back pain. A person is disabled and, therefore, eligible for benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To be disabled, an individual's impairments must be:

> of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* at 423(d)(2)(A). In determining whether a claimant is disabled, the ALJ uses the following five-step sequential analysis: (1) is the claimant engaged in substantial gainful activity, (2) does the claimant have a severe impairment, (3) does the claimant have an impairment which equals a condition contained within the SSA's official listing of impairments, (4) does the claimant have an impairment which prevents past relevant work, and (5) does the claimant have an impairment which prevents him from any substantial gainful employment. An affirmative answer to question one, or negative answers to questions two or four result in a determination of no

disability. Affirmative answers to questions three or five establish disability. 20 C.F.R. §§ 404.1520 and 416.920.

As evidence that the ALJ incorrectly concluded that Plaintiff retains a RFC to engage in light work and was capable of performing her past relevant work, she offers her testimony and her treating physicians' opinions coupled with the fact that the ALJ concluded that her disabilities are severe in part two of the five-step analysis. This Court will not determine whether Plaintiff is disabled or whether opinion testimony was credible, but will determine if the Commissioner's finding that Plaintiff is not disabled is properly supported by substantial evidence. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Plaintiff does not offer any evidence that the ALJ's determination was in conflict with substantial evidence. Following the five step sequential analysis and relying on the medical reports and evidence in the record, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since October 11, 2010. R. 21. At step two, he found that Plaintiff suffers from severe impairments of rheumatoid arthritis, disorders of the back, obesity, osteoarthritis and allied disorders. *Id.* However, at the next step of the analysis, the ALJ determined that her impairments do not meet or equal the criteria of any SSA listed impairment "which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525(a), 416.925(a); R. 22. In addition to finding that Plaintiff had a RFC to perform the full range of light work as well as her past relevant work, the ALJ also found that Plaintiff's statements concerning her pain and impairments were not entirely credible.[3] R. 24. Therefore, the Court agrees with the R&R that

---

[3] Although the Court does not interpret a formal challenge to the R&R's acceptance of the ALJ's credibility determination, Plaintiff describes her pain throughout her objections and identifies how her judgment of her pain conflicts with the ALJ's assessment of her ability to perform light work and past relevant work. *See* Pl.'s Obj. 1-2, ECF No. 22. "Once an underlying physical or [m]ental impairment that could reasonably be expected to cause [a symptom] is shown by medically acceptable objective evidence . . . the adjudicator must evaluate the disabling effects of a disability claimant's [symptom], even though its intensity or severity is shown only by subjective

the ALJ's decision that Plaintiff was not "disabled" within the meaning of the Social Security Act is supported by substantial evidence. Plaintiff's challenges to the disability determination are unavailing.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ appropriately weighed and sufficiently explained the medical opinions in the record. In making the disability determination, an ALJ must consider all relevant medical evidence, and opinions from treating physicians will be given controlling weight if two conditions are met: 1) the opinions are supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) the opinions are not inconsistent with other substantial evidence in the record. *See Craig*, 76 F.3d at 590 (citing 20 C.F.R. § 404.1527(d)(2)) ("[Fourth] Circuit precedent does not require that a treating physician's testimony be 'given controlling weight.') (citations omitted). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*

If the ALJ determines the treating physician's opinion is not entitled to controlling weight, he or she still must decide how much weight to give the opinion and must provide "specific reasons" for the weight given to the treating source. *See* Social Security Ruling ("SSR") 96-2p, 1996 WL 374188; *see also* 20 C.F.R. § 404.1527 ("Regardless of its source, we will evaluate every medical opinion we receive."). An ALJ is required to weigh medical

---

evidence." *Hines v. Barnhart*, 453 F. 3d 559, 564 (4th Cir. 2006). To fulfill this standard, adjudicators often rely on the testimony and statements of claimants as evidence of the severity and intensity of their symptoms. In doing so, adjudicators often assess the credibility of the claimants' statements. This Court must show deference to the ALJ's credibility determinations unless they are "unreasonable, contradict[] other findings of fact, or [are] based on inadequate reason or no reason at all." *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)). In this case, the ALJ found that Plaintiff's subjective judgment of her symptoms at the hearing was not fully credible to the extent her testimony conflicted with objective medical evidence. In fact, the record evidence not only undermined Plaintiff's testimony but also showed that a doctor previously noted that his findings were less than Plaintiff's complaints. *See* R. 24, 553. In view of these facts, the Court finds that substantial evidence supports the ALJ's credibility determination.

opinions based on: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011); *see also* 20 C.F.R. § 404.1527(c)(1)-(6). In addition, the ALJ may consider "any other factors that tend to support or refute the opinion." SSR 06-03p, 2006 WL 2329939 at *4-*5. The opinion of a non-examining licensed physician must be assessed by reference to these factors as well. 20 C.F.R. § 404.1527(c)(1)-(6); *see also* 20 C.F.R. §§ 404.1513(a) and 416.913(a) (noting that licensed physicians are acceptable medical sources for evidence of impairment).

A review of the record provides no evidence indicating that the ALJ failed to provide a sufficient explanation for the weight assigned to the physicians' opinions. The ALJ considered the above factors and offered detailed reasons for assigning different weight to the various opinions of Dr. Roger W. Lidman, Plaintiff's treating physician. In particular, the ALJ explained that he gave little weight to Dr. Lidman's June 2012 opinion, which appeared to be based primarily on Plaintiff's subjective complaints. He also gave little weight to Dr. Lidman's August 2011 opinion, which did not discuss a limitation lasting for a period of twelve or more continuous months. R. 26, 546-73. However, the ALJ assigned great weight to Dr. Lidman's February 2012 opinion, which ascertained that Plaintiff was unable to perform the necessary tasks of her past jobs as merchandizer and cleaner. *Id.* Additionally, the ALJ assigned significant weight to the opinion of state agency non-treating consultant Dr. Ralph Hellams, who reviewed all of the medical evidence and offered an expert evaluation. R. 26, 80; *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The law is clear that the

opinion of a treating physician does not bind the ALJ on the issue of functional capacity. . . . State agent opinions merit significant consideration") (internal citations omitted). The ALJ considered the treatment notes of Dr. John Micks to determine that medical evidence from 2011 failed to establish Plaintiff had become unproductive because she had not been in acute distress and maintained a good range of motion. R. 25 (citing R. 485-86). The opinion of Dr. Mark W. Newman was not before the ALJ, but the R&R determined that the Appeals Council considered a letter from Dr. Newman and that the letter was largely cumulative of other evidence in the record already considered by the ALJ. *See* R&R at 20. The Court agrees with the R&R and concludes that there was substantial evidence to support the weight the ALJ assigned to the medical opinions in the record. Therefore, the objection to the consideration of the medical opinions is without merit.

## IV. CONCLUSION

After careful *de novo* review of the objections to the Magistrate Judge's Report and Recommendation, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth by the United States Magistrate Judge filed May 15, 2014. Therefore, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**. Accordingly, Defendant's decision to deny supplemental security income is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 20, 2014

/s/
Raymond A. Jackson
United States District Judge